# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH MENDOZA,<br><br>       Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, JIMMY JOHNSON, and DOES 1-50, inclusive,<br><br>       Defendants. | Case No. 8:24-cv-00845-JWH-AJR<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

## I. BACKGROUND

Plaintiff Judith Mendoza, a California citizen, originally filed this action in Orange County Superior Court.[1] Mendoza asserts that Defendant Jimmy Johnson is an employee/agent of Defendant Costco Wholesale Corporation and a citizen of California.[2] Costco, a corporate citizen of Washington, removed the action to this Court, asserting diversity jurisdiction. Costco argues that Johnson is a fictitious defendant, so his presence as a party-defendant does not defeat diversity jurisdiction.[3]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. The party invoking the Court's jurisdiction—here, Costco— bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The Court is vested with "broad discretion" to permit or deny discovery. *Laub v. U.S. Dept. of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). Further, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Butcher's Union Loc. No. 498, United Food*

---

[1]  *See generally* Notice of Removal [ECF No. 2].

[2]  *See generally id.*; *see also* Pl.'s Mot. to Remand (the "Motion to Remand") [ECF No. 13].

[3]  *Id.*

*and Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Discovery should be granted when, as here, "the jurisdictional facts are contested or more facts are needed." *Id.*; *see also Brophy v. Almanzar*, 359 F. Supp. 3d 917, 926 (C.D. Cal. 2018) (*sua sponte* order for the parties to conduct jurisdictional discovery).

The Court concludes that jurisdictional discovery is appropriate for the parties to establish the diversity of citizenship requirement and for the Court definitively to determine whether it possesses subject matter jurisdiction.

## II.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The parties are **GRANTED** leave to engage in jurisdictional discovery, including, but not limited to, narrowly tailored interrogatories and requests for admission with respect to the true name of "Jimmy Johnson," his citizenship, and his role in the allegations.

2. The parties and their respective counsel are **DIRECTED** to review and to consider carefully their obligations under the Local Rules and Rule 11 of the Federal Rules of Civil Procedure; in particular, Rule 11(b)(3) and Rule 11(b)(4). Upon such consideration, if any party decides to withdraw any filings, then that party may do so in accordance with the Local Rules. *See, e.g.*, L.R. 7-16.

3. Each party is **DIRECTED** to file no later than August 30, 2024, supplemental briefing on the issue of diversity of citizenship and subject matter jurisdiction. Each party's brief should be no more than five pages in length. A hearing on this Order to Show Cause is **SET** for September 27, 2024, at 9:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

4. The Scheduling Conference and the hearing on Mendoza's Motion to Remand, currently calendared for July 12, 2024, are **CONTINUED** to September 27, 2024, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: July 2, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE