# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH MENDOZA, | Case No. 8:24-cv-00845-JWH-AJR |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S RENEWED MOTION TO REMAND [ECF No. 36]** |
| COSTCO WHOLESALE CORPORATION, JIMMY JOHNSON, and DOES 1-50, inclusive, | |
| Defendants. | |

Before the Court is the renewed motion of Plaintiff Judith Mendoza to remand this action to state court.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and opposition,[2] the Court orders that the Renewed Motion is **DENIED**.

## I.  BACKGROUND

The parties are familiar with the history of this case.  As relevant here, in March 2024, Mendoza commenced this action in Orange County Superior Court against Defendants Costco Wholesale Corporation and Jimmy Johnson.[3]  Mendoza alleged that she slipped and fell while she was shopping at a Costco store in La Habra, California, in May 2022, and she asserted two claims for relief:  (1) negligence; and (2) premises liability.[4]

In April 2024, Costco removed the action to this Court on the basis of diversity jurisdiction.[5]  In its Notice of Removal, Costco asserted that Jimmy

---

[1]   *See* Pl.'s Mot. to Remand (the "Renewed Motion") [ECF No. 36].

[2]   Specifically, the Court considered the documents of record in this matter, including the following papers:  (1) Def.'s Notice of Removal (the "Notice of Removal") (including its attachments) [ECF No. 2]; (2) Compl. (the "Complaint") [ECF No. 2-2]; (3) Pl.'s Mot. to Remand (the "First Motion") [ECF No. 13]; (4) Def.'s Opp'n to the First Motion (the "First Opposition") (including its attachments) [ECF No. 18]; (5) Pl.'s Reply in Supp. of the First Motion [ECF No. 21]; (6) Order to Show Cause re Subject Matter Jurisdiction (the "Order to Show Cause") [ECF No. 23]; (7) Pl.'s Supplement to the First Motion ("Mendoza's Supplemental Brief") (including its attachments) [ECF No. 24]; (8) Def.'s Supplement to the First Opposition ("Costco's Supplemental Brief") [ECF No. 25]; (9) Renewed Motion; (10) Def.'s Opp'n to the Renewed Motion (the "Opposition") [ECF No. 40]; and (11) Pl.'s Reply in Supp. of the Renewed Motion (the "Reply") [ECF No. 41].

[3]   *See generally* Complaint.

[4]   *Id.*

[5]   *See* Notice of Removal.

-2-

Johnson is an unknown and apparently fictitious defendant.[6] To support that assertion, Costco provided a declaration from a payroll clerk, Natalie Trejo, in which Trejo testified that "[t]he La Habra Costco warehouse has never employed any individual by the name of Jimmy Johnson."[7]

Mendoza filed the First Motion in May 2024.[8] In that motion, Mendoza argued that removal was improper because Jimmy Johnson was the manager of the La Habra Costco, and she maintained that Jimmy Johnson was a properly joined California citizen.[9] Mendoza asked the Court to award her costs and fees in connection with the improper removal.[10]

Based upon the dispute over Jimmy Johnson's identity, the Court ordered the parties to conduct jurisdictional discovery regarding the "true name of 'Jimmy Johnson,' his citizenship, and his role in the allegations."[11] The Court also directed the parties to file supplemental briefing on the issues of citizenship and diversity jurisdiction.[12] The Court received that supplemental briefing in August 2024,[13] and, in January 2025, the Court denied the First Motion.[14]

Mendoza filed the instant Renewed Motion in August 2025.[15] In the Renewed Motion, Mendoza asserts that in discovery Costco has identified an

---

[6] *See id.* at ¶ 10.
[7] *See* Notice of Removal, Ex. D [ECF No. 2-2] ¶ 8.
[8] *See* First Motion.
[9] *See id.*; *see also* Reply.
[10] *See* Reply.
[11] Order to Show Cause 3:11–14.
[12] *Id.* at 3:21–26.
[13] *See* Mendoza's Supplemental Brief; Costco's Supplemental Brief.
[14] *See* Order Denying the First Motion (the "Order") [ECF No. 27].
[15] *See* Renewed Motion.

-3-

employee named Russell Follmer, and Mendoza believes that Follmer was the store manager or employee responsible for supervising the area when Mendoza fell.[16] Mendoza further contends that she amended her Complaint[17] to reflect that Russell Follmer was the true identity of Jimmy Johnson, and she asserts that such amendments prove that Jimmy Johnson was not fraudulently joined.[18] Costco opposes the Renewed Motion.[19]

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction

---

[16]    *See id.* at 5:3-12.

[17]    It does not appear that Mendoza succeeded in amending her pleading. Mendoza served on Costco an "Amendment to Complaint" purporting to name Russell Follmer as DOE 2, *see id.*, Ex. 3, but she did not comply with Rule 15(a) of the Federal Rules of Civil Procedure, which establishes the requirements for a plaintiff to amend her Complaint.

[18]    *See* Renewed Motion.

[19]    *See generally* Opposition.

lies in the federal courts." *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).  When the litigants are entities, diversity jurisdiction depends on the form of the entity.  *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (finding that an unincorporated association such as a partnership has "the citizenships of all of its members").  Similarly, a limited liability company is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  In contrast, a corporation is a citizen only of (1) the state where its principal place of business is located; and (2) the state in which it is incorporated.  *See* 28 U.S.C. § 1332(c)(1).

   The right to remove is not absolute, even when original jurisdiction exists.  In other words, the removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)).  Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand.  *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.  ANALYSIS

Mendoza argues that the Court must remand this action to Orange County Superior Court because her addition of Russell Follmer as a party defendant "defeats complete diversity."[20]  The Court disagrees.

First, because a Scheduling Order has been entered in this case, any request to amend a pleading must be treated as a request to amend the Scheduling Order under Rule 16.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  Under Rule 16(b), amendment is appropriate "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  Because Mendoza did not seek the Court's consent to amend her Complaint, her amendment is improper.

Second, even if Mendoza had sought permission to amend her Complaint, the Court would not have permitted her to add Follmer as a defendant.  When a plaintiff seeks to add a non-diverse defendant after a case has been removed to federal court, the court "may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In general, a court should deny joinder when the plaintiff's damages "could be fully satisfied by the other defendants" and when the plaintiff "could still proceed separately against [the non-diverse defendant] in state court," such that "no injustice would occur" if joinder is denied.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).  A court should also deny joinder when the circumstances of the desired joinder suggest that the plaintiff merely seeks to destroy diversity, which may occur in cases in which the plaintiff knew of the non-diverse defendant's identity when the plaintiff commenced the action yet declined to add the defendant until after the action was removed to federal court.  *See, e.g.*, *3WL, LLC v. Master*

---

[20]  Renewed Motion 7:22-23.

*Protection, LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (discussing such a belated attempt to add a non-diverse defendant).

Because Mendoza's claims against Follmer are premised entirely upon his role as a supervisor for Costco, if Mendoza prevails in this case, she can recover all of her money damages from Costco without adding Follmer as a defendant. Mendoza may also pursue her claims against Follmer in state court, if she desires. Thus, the Court could preclude Mendoza from adding Follmer as a defendant without causing any injustice. *See Newcombe*, 157 F.3d at 691. Moreover, in view of the history of this action and Mendoza's admission that she knew Follmer's identity before she commenced this action, the Court has little doubt that Mendoza's attempt to add Follmer is motivated by her desire to avoid federal jurisdiction, rather than Follmer's indispensability. As such, the request to add Follmer as a defendant—had Mendoza made it—would be denied.

Finally, the Court is unpersuaded that Russell Follmer is the Doe defendant who Mendoza incorrectly sued as Jimmy Johnson. As the Court noted in its prior Order, Mendoza argued that Jimmy Johnson was the owner or manager of the La Habra Costco location until it became clear that no person named Jimmy Johnson, or any variation thereof, has ever worked at that Costco location.[21] Then, Mendoza proposed that the Costco manager may have instead been named "Russ."[22] Now that Costco has confirmed that a person named Russ *did* work at that Costco location, Mendoza asserts that her hunch was confirmed: "Russ" Follmer and Jimmy Johnson are one and the same.

The Court is unconvinced. As Mendoza concedes, she knew Follmer's identity *before* she filed the First Motion, yet she remained steadfast in her belief

---

[21] *See* Order.

[22] *See id.*

that Jimmy Johnson was a separate and distinct person until it became clear that Jimmy Johnson was not a viable non-diverse defendant.[23] Only at that time—and apparently in response to Costco's initial disclosures, which identified "Russ" as "the store employee believed to have taken the incident report"[24]—did Mendoza decide that Jimmy Johnson may have actually been named "Russ."[25] But while "Russ" exists, he has little in common with the warehouse manager previously identified as Jimmy Johnson.[26] Indeed, although Mendoza attempts to point out similarities between the two Costco employees, those similarities relate entirely to characteristics and actions that Mendoza first ascribed to Jimmy Johnson *after* Costco ascribed those characteristics and actions to Follmer.[27] For those reasons, the Court is unpersuaded that Follmer is the Doe defendant previously identified as Jimmy Johnson, and Mendoza's attempt to manufacture a non-diverse defendant out of any available Costco employee remains, as it was in her First Motion, unavailing.

Accordingly, Mendoza's Renewed Motion is **DENIED**.

---

[23] *See generally* First Motion; *see also* Joint Rule 26(f) Report (the "Rule 26(f) Report") [ECF No. 22] (listing "Russ" as the "store employee believed to have taken the incident report").

[24] *See* Rule 26(f) Report.

[25] *See generally* Mendoza's Supplemental Brief.

[26] *See generally* Opposition (explaining that Follmer was not a warehouse manager, that he lacked actual knowledge of the alleged condition of the warehouse prior to Mendoza's fall, that he learned of the spill because Mendoza reported it to him, and that he arrived at the scene after the spill had been cleaned).

[27] *Compare* Rule 26(f) Report (listing "Russ" as the "store employee believed to have taken the incident report") *with* Mendoza's Supplemental Brief 2:5-9 (suggesting for the first time that the store manager identified as Jimmy Johnson was the person who prepared the incident report).

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Mendoza's instant Renewed Motion [ECF No. 36] is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 20, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE