UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH MENDOZA, an individual,<br><br>        Plaintiff,<br>    v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation, ET AL.,<br><br>        Defendants. | No. 8:24-cv-00845-AJR<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SECOND RENEWED MOTION TO REMAND (DKT. 62)** |

## I.

## INTRODUCTION & BACKGROUND

On March 19, 2024, Plaintiff Judith Mendoza ("Plaintiff") filed a complaint (the "Complaint") alleging claims for negligence and premises liability in the Orange County Superior Court against Defendants Costco Wholesale Corporation, Jimmy Johnson, and DOES 1 through 50 after she allegedly slipped and fell while shopping at a Costco store in La Habra, California, in May of 2022. (Dkt. 2-2 at 3-8.)[1]  On March 26, 2024, Plaintiff effectuated service of the Complaint on

---

[1] The Court notes that Plaintiff's Complaint, filed herein as an attachment to Defendant's Notice of Removal does not contain consecutive page numbers. (Dkt. (cont'd . . .)

Defendant Costco Wholesale Corporation ("Defendant"). (Id. at 12-13.) On April 18, 2024, Defendant filed a Notice of Removal of the action to the U.S. District Court for the Central District of California (the "Notice of Removal"). (Dkt. 1.)

On May 20, 2024, Plaintiff filed a Motion to Remand (the "First Motion to Remand") this action to the Orange County Superior Court on the grounds that Defendant Jimmy Johnson was the owner or manager of the La Habra Costco location and was a properly joined California citizen. (Dkt. 13.) On June 7, 2024, Defendant filed an Opposition to the First Motion to Remand. (Dkt. 18.) On June 14, 2024, Plaintiff filed a Reply in support of the First Motion to Remand. (Dkt. 21.) On July 2, 2024, the District Judge granted leave for the parties to engage in jurisdictional discovery, including but not limited to, narrowly tailored interrogatories and requests for admission with respect to the true name of "Jimmy Johnson," his citizenship, and his role in the allegations. (Dkt. 23.) The District Judge also ordered the parties to file supplemental briefing on the issue of diversity of citizenship and subject matter jurisdiction no later than August 30, 2024. (Id.)

On August 30, 2024, Plaintiff and Defendant filed supplemental briefs. (Dkts. 24 & 25.) Plaintiff's supplemental brief noted that she also "recalled the name of the individual store manager who filled out the incident report and may have been name 'Russ' or Russell." (Dkt. 24 at 2.) Defendant's supplemental brief relied on evidence filed in support of its Opposition which "confirmed that no individual by the name of 'Jimmy Johnson' or any variation, including 'James,' had ever worked at the La Habra warehouse." (Dkt. 25 at 3.)

On January 7, 2025, the District Judge denied Plaintiff's First Motion to Remand on the grounds that Jimmy Johnson was fraudulently joined and that Plaintiff could not state any viable claim against him. (Dkt. 27 at 7.) The District

---

2-2.) Thus, the Court uses the CM/ECF page numbers when referencing specific pages of the Complaint.

Judge was also unpersuaded by Plaintiff's argument that diversity was destroyed by the existence of a possible Costco employee named "Russ" when that individual was not named as a defendant, and where his existence, identity, and role in this action were entirely speculative and unsupported by evidence. (Id.) The District Judge emphasized that he "ordered the parties to conduct jurisdictional discovery related to the citizenship and identity of Jimmy Johnson, not for [Plaintiff] to perform a fishing expedition into the possible existence of other persons." (Id.)

On August 1, 2025, Plaintiff filed a Renewed Motion to Remand (the "Renewed Motion to Remand"). (Dkt. 36.) Plaintiff's Renewed Motion to Remand asserted that Costco's April 7, 2025 discovery responses identified an employee named Russell "Russ" Follmer ("Follmer"), who she believed to be the store manager or employee responsible for supervising or maintaining the area of the incident. (Id. at 5.) Based on this information, Plaintiff noted that she had filed and served an amendment to the Complaint, naming/substituting Follmer as Doe 2. (Id.) Plaintiff contended that the inclusion of Follmer as Doe 2 defeated complete diversity of jurisdiction and warranted the remanding of the action from federal jurisdiction to state court. (Id.) On August 8, 2025, Defendant filed an Opposition to the Renewed Motion to Remand. (Dkt. 40.) On August 15, 2025, Plaintiff filed a Reply in support of her Renewed Motion to Remand. (Dkt. 41.)

On August 20, 2025, the District Judge denied Plaintiff's Renewed Motion to Remand on the grounds that Plaintiff had not sought the Court's consent to amend her Complaint pursuant to Federal Rule of Civil Procedure 16, after a Scheduling Order had been entered in the case, rendering Plaintiff's amendment improper. (Dkt. 48 at 6.) The District Judge also explained that he would not have permitted Plaintiff to amend her Complaint to add Follmer even if Plaintiff had sought permission from the Court because: (1) Plaintiff's claims could be fully satisfied by Defendant; (2) Plaintiff could still pursue her claims against Follmer in state court; (3) Plaintiff's inability to add Follmer did not result in any injustice; (4) "the Court

3

ha[d] little doubt that [Plaintiff's] attempt to add Follmer [was] motivated by her desire to avoid federal jurisdiction, rather than Follmer's indispensability; and (5) the Court was "unpersuaded that Follmer [was] the Doe previously identified as Jimmy Johnson." (See id. at 6-8.) The District Judge concluded that "[Plaintiff's] attempt to manufacture a non-diverse defendant out of any available Costco employee remains, as it was in her First Motion, unavailing." (Id. at 8.)

On September 10, 2025, the parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge. (Dkt. 59.) Thereafter, on September 15, 2025, Plaintiff filed the instant Second Renewed Motion to Remand Case To State Court (the "Second Renewed Motion to Remand"). (Dkt. 62.) On October 8, 2025, Defendant filed an Opposition to the Second Renewed Motion to Remand (the "Opposition"). (Dkt. 67.) On October 15, 2025, Plaintiff filed a Reply in support of the Second Renewed Motion to Remand (the "Reply"). (Dkt. 68.)

For the reasons stated below, the Court DENIES Plaintiff's Second Renewed Motion to Remand. (Dkt. 59.) Because the Court has determined that the Second Renewed Motion to Remand must be denied, the Court will also issue a separate scheduling order.

## II.
## LEGAL STANDARD

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete

diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).  Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure.  See 28 U.S.C. § 1447(c).

      To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand.  See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)).  If there is any doubt as to whether removal is proper, remand must be ordered.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).  "The party seeking removal bears the burden of establishing federal jurisdiction."  Id.

### III.
### DEFENDANT'S NOTICE OF REMOVAL

      Defendant removed the action based on diversity jurisdiction under 28 U.S.C. § 1332 and 1446.  (Dkt. 2 at 2-3.)  Defendant contends that Plaintiff was and is a resident and citizen of the State of California based on: "(i) Plaintiff's medical records and billing reflecting a California address; (ii) a Westlaw People Search that revealed Plaintiff has owned the property listed in her medical records since at least 2020; (iii) a Westlaw People Search that revealed the home listed in Plaintiff's medical records is 'Owner Occupied'; (iv) a Westlaw People Search that revealed Plaintiff has a California Social Security Number issued in 1984-1985; and (v) a Westlaw People Search that revealed Plaintiff has lived at various addresses in California since 2004."  (Dkt. 2-1 at 2.)  Defendant further states that it is a

Washington corporation with its principal place of business in Washington, and therefore is a citizen of Washington.  (Dkt. 2 at 3.)

With regard to the amount in controversy, Defendant points to Plaintiff's filing of the unlimited civil Complaint which seeks monetary damages in excess of $35,000.[2]  (Dkt. 2 at 2, 3; Dkt. 2-2 at 3, 9.)  Defendant also points to the "claims file" it received on March 26, 2025, that included medical bills from thirteen providers totaling charges over $130,000.  (Dkt. 2 at 4.)  Additionally, Defendant notes that on October 26, 2023, Plaintiff sent a demand letter outlining her medical specials to date in the amount of $147,209.30.  (Id.)  Thus, Defendant states that "the amount in controversy, exclusive of interest and costs, is in the excess of $75,000."  (Id.)

## V.

## DISCUSSION

Plaintiff again contends that the Court must remand this action to Orange County Superior Court because her addition of Follmer as a party defendant "defeats complete diversity jurisdiction, warranting the remanding of the action . . . ."  (Dkt. 62 at 5.)  However, Plaintiff's Second Renewed Motion to Remand (Dkt. 62) is virtually identical to her Renewed Motion to Remand (Dkt. 36), and does not provide the Court with new evidence that would compel this Court to deviate from the District Judge's previous ruling.  This Court need not reconsider issues already decided by the District Judge multiple times, especially when Plaintiff has not brought a motion for reconsideration or even addressed how the Second Renewed

---

[2] The Complaint and civil case coversheet state that the action is an unlimited civil case seeking damages in excess of $35,000. (Dkt 2-2 at 3, 9.)  Thus, the Court assumes Defendant's statement in its Notice of Removal that "Plaintiff filed an unlimited complaint seeking monetary damages in excess of $25,000" was a clerical error.  (Dkt. 2 at 2.)

Motion to Remand differs from the Renewed Motion to Remand denied by the District Judge.

Even if this Court were to interpret Plaintiff's Second Renewed Motion to Remand as a motion for reconsideration, the motion would be denied because motions for reconsideration "should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (internal quotation marks omitted). The Ninth Circuit has explained that a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted). These principles are codified in Central District Local Rule 7-18, which states as follows:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

C.D. Cal. L.R. 7-18.

Here, Plaintiff's Second Renewed Motion to Remand fails to demonstrate that a newly discovered material fact or change in the law occurred after the District Judge's prior ruling nor does Plaintiff argue that the District Judge failed to consider

material facts presented before the prior ruling was issued. As found by the District Judge, Follmer is not a defendant in this action because Plaintiff did not seek leave of court to amend her Complaint. (Dkt. 48 at 6.) Only the citizenship of properly joined defendants may be considered in determining whether diversity of citizenship exists. See 28 U.S.C. § 1441. While Plaintiff argues that this Court should consider Follmer's citizenship as a "Doe Employee," this exact argument was rejected by the District Judge. (Dkt. 48 at 7-8.) Accordingly, the Court DENIES Plaintiff's Second Renewed Motion to Remand as diversity of citizenship exists.

Next, Plaintiff states that on July 31, 2025, defense "counsel sent an email stating, in relevant part, '**With the case being remanded, we are no longer bound by the deadline the Federal Court gave us to mediate.**'" (Dkt. 62 at 9.) Plaintiff contends that this correspondence should equitably estop Defendant from subsequently changing its position and opposing the remand. (Id. at 10.) However, the Court interprets Defendant's email correspondence as a misunderstanding at best, rather than a concession to remand the case. Regardless, the Court does not believe it is appropriate to enforce a one-off comment in an email as a binding agreement to remand the entire case. Moreover, Plaintiff previously raised this exact argument in her Renewed Motion to Remand. (Dkt. 36 at 9.)

Lastly, Plaintiff requests that this Court retain jurisdiction solely for the purpose of entertaining Plaintiff's anticipated motion for reasonable attorney's fees for improper removal pursuant to 28 U.S.C. § 1447(c). (Dkt. 62 at 12-13.) However, 28 U.S.C. § 1447(c) only authorizes an award of fees and costs where a court grants a motion to remand. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Here, the Court has determined that it must deny Plaintiff's Second Renewed Motion to Remand. Accordingly, no fees or costs are authorized.

## VI.
## ORDER

Consistent with the foregoing, Plaintiff's Second Renewed Motion to Remand is DENIED.  (Dkt. 62.)  The Court will also issue a separate scheduling order.

IT IS SO ORDERED.

DATED:  November 19, 2025

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE